*BY THE COURT.
The objections to these proceedings [593 will be considered in their chronological order of occurrence.
At the trial it was first admitted that Freeman’s suit was first commenced, and decided before the justice; yet the court refused to dismiss the suit, transpose them on the docket, or order the first suit to be first tried. Did the court err in this : The defendant
below had no legal right to dismiss his adversary’s suit, because he himself had a suit pending upon the same contract. If any question could arise on that account, it was either matter in abatement to be pleaded, or for a motion touching the judgment for costs. Why the youngest cause was first docketed in the Common Pleas, *612 the record does not show. It most probably resulted from the act of Freeman, who now complains of it. He was appellant in the second suit, and if he had desired his suit should maintain its place on the docket according to its age, he should have foreborne the entry of his own appeal, until the first was entered. Having chosen to docket the youngest cause first, he must abide by it. The law requires the clerk to place causes on the trial list in the order they are brought into court. From anything before us no error is seen in refusing these motions.
2. If the evidence satisfied the jury that the work was accepted by Galbraith as done in conformity with the contract and was so paid for, he could not recover the money back; but the bill of exceptions neither shows that state of case, nor any request of the court to instruct the jury upon it. It need not be necessarily inferred, because the employer saw the work when in progress and paid part of the money, that he judged of the skill employed, and sanctioned it as in accordance with the contract. How could he judge of a likeness in the incipient stage of the picture, before the finishing touches of the artist were applied to it. The court could not correctly charge as requested, and we think the charge given substantially correct.
3. The court charged, that the artist was required to bring to his work only reasonable skill — that exact likenesses were not required; and if these were such as friends would recognize, they were sufficient, an exact similitude not being required. Did this charge prejudice the artist as he complains? We think it very much in his favor, if erroneous. It is saying, that the artist is not required to make an exact likeness, or resemblance more than sufficient to enable a particular friend to tell who it was intended for. This certainly goes far enough. We hold him, like all other persons, liable to perform his contract, and if he contracts for an exact likeness, he can only recover when he has completed one; but it is not necessary to de594] *cide this point in the cause. It is sufficient that the court did not err in prejudice of the plaintiff’s rights. The point mainly argued does not arise on the record, viz.: That the pictures were spoiled by direction of Galbraith. Of course we cannot raise the point to decide it.
The judgment is affirmed, with costs.